UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LYNNE ANNE-BRIGITTE RUSSELL,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> **Defendants.** | No. 1:24-cv-01820-JDB |

### DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants (collectively, the District) respectfully notify the Court of *Hanson v. District of Columbia*, --- F.4th ----, No. 23-7061, 2024 WL 4596783 (D.C. Cir. Oct. 29, 2024) (per curiam) (attached as Exhibit A), a precedential opinion by the D.C. Circuit that bears on Plaintiffs' pending Motion for a Preliminary Injunction [9] and was issued after the District filed its Opposition (Defs.' Opp'n) [21]. In *Hanson*, the D.C. Circuit affirmed a district court's denial of a preliminary injunction seeking to enjoin the District's cap on ammunition magazines. *Hanson*, 2024 WL 4596783, at *1. At a general level, *Hanson* is instructive because it is the D.C. Circuit's first application of the Supreme Court's recent Second Amendment precedent, *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Plus, it is the D.C. Circuit's most recent application of preliminary injunction standards to a Second Amendment challenge.

Moreover, *Hanson* resolves many of the issues here in the District's favor. On the merits, *Hanson* held that, at *Bruen*'s step one, the plaintiff bears the burden. 2024 WL 4596783, at *3; *see* Defs.' Opp'n at 12. At *Bruen*'s step two, *Hanson* explained that historical "analogues after

1791 are still relevant." 2024 WL 4596783, at *9 n.7; *see* Defs.' Opp'n at 24–26, 30. *Hanson* further explained that a modern law can still find support in a historical tradition, even if that tradition appeared post-Founding, when "[t]he lack of such a tradition is to be expected" due to differing social and technological conditions. 2024 WL 4596783, at *11; *see* Defs.' Opp'n at 24–26, 30.

On the irreparable harm factor, *Hanson* reaffirmed that "the alleged deprivation of a constitutional right" does not "constitute irreparable harm." 2024 WL 4596783, at *14; *see* Defs.' Opp'n at 30–33. Rather, "a plaintiff must show why the court will be unable to grant meaningful relief following trial." *Hanson*, 2024 WL 4596783, at *14; *see* Defs.' Opp'n at 30–33  And a Second Amendment plaintiff must come forward with a "factual record" proving that he will be unable to defend himself without an injunction. *Hanson*, 2024 WL 4596783, at *14; *see* Defs.' Opp'n at 33–35. Last, *Hanson* reemphasized that delay undercuts a showing of irreparable harm. 2024 WL 4596783, at *15; *see* Defs.' Opp'n at 36.

On the remaining injunctive factors, *Hanson* rejected the notion that allegations that a challenged law is unconstitutional "decide our balance-of-the-equities inquiry." 2024 WL 4596783, at *16; *see* Defs.' Opp'n at 42–43. In balancing the harms, *Hanson* found that the District's interests in public safety and law enforcement outweighed any alleged constitutional harms to the plaintiffs. 2024 WL 4596783, at *16–17; *see* Defs.' Opp'n at 37–41. That conclusion was bolstered by the fact that the plaintiffs sought a "longstanding-status-quo-altering injunction." 2024 WL 4596783, at *16; *see* Defs.' Opp'n at 41. Last, *Hanson* concluded that the court "cannot simply rebalance the equities by limiting injunctive relief to the four appellants in this case" because "follow-on" claims—like a class action—could "ultimately result" in harms to the larger public. 2024 WL 4596783, at *17; *see* Defs.' Opp'n at 40.

Finally, *Hanson* admonished that a court should not enter a permanent injunction instead of a preliminary injunction unless "precedent dictates with certainty" that the challenger should prevail on the merits and there are no disputed facts. 2024 WL 4596783, at *13; *see* Defs.' Opp'n at 42, 44–45.

| | |
|---|---|
| Date: November 14, 2024. | Respectfully submitted, |

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
MATEYA B. KELLEY [888219451]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7474
adam.tuetken@dc.gov

*Counsel for Defendants*