IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LYNNE ANNE-BRIGITTE RUSSELL, ET AL.** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2024-cv-1820-JDB |
| ) | |
| **DISTRICT OF COLUMBIA, ET AL.** ) | |
| **)** | |
| Defendants. ) | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiffs, by counsel, and pursuant to Local Rule 7(h) tender their statement of undisputed material facts in support of their motion for partial summary judgment on their claim for a declaratory judgment and permanent injunction that DCMR § 24.2344.2 on its face and as applied to Plaintiffs violates the Second Amendment.

1. Plaintiff Lynne Anne-Brigitte Russell is a natural person and a citizen of the State of Georgia. *See* Attachment A, hereto, Declaration of Lynne Anne-Brigitte Russell.

2. Ms. Russell a former Georgia deputy sheriff and private detective and holds two black belts in martial arts. *Id.*

3. Ms. Russell is a former news anchor for Cable News Network ("CNN") and a current author of several best selling books. *Id.*

4. Ms. Russell holds an MPD issued CPL as well as carry licenses and permits from other jurisdictions. *Id.*

5. Ms. Russell is well acquainted with firearms and is knowledgeable as to firearm safety. *Id.*

1

6. Ms. Russell and her husband Plaintiff Charles John de Caro were on a cross-country trip from Washington, D.C. to California and were spending the night of June 30, 2015, at a Motel 6 in Albuquerque, New Mexico. *Id.*

7. As Ms. Russell was returning to her room on June 30, 2015, from her car an armed man on parole from a previous armed robbery conviction snuck up from behind her, pushed her through the door and forced his way into her and her husband's room. *Id.*

8. Mr. de Caro, hearing the disturbance, emerged from the bathroom where he was taking a shower and was confronted with the gunman demanding his and his wife's valuables. *Id.*

9. During an intense standoff, Ms. Russell handed Mr. de Caro her purse that contained a handgun and stated there might be something in the purse Mr. de Caro could give the man. *Id.*

10. Plaintiff de Caro then withdrew the firearm from the purse and engaged the armed robber. *Id.*

11. Both men shot their firearms to empty. The robber was shot four times (with three additional rounds entering Mr. de Caro's laptop computer the robber was holding. *Id.*

12. Mr. de Caro was hit three times and survived the incident but still carries a bullit in his body. *Id.*

13. The robber threw his empty gun at Mr. de Caro, ran out into the parking lot, collapsed and died. *Id.*

14. Ms. Russell credits the gun in her purse with saving her and her husband's life. *Id.*

15. Due to limitations of women's fashion, Ms. Russell often carries a handgun in a purse or other device such as a sling bag specifically designed for off-body carry. *Id.*

16. The devices that she employs to carry a firearm have a built-in holster designed to protect the trigger of the firearm from being activated. *Id.*

17. Ms. Russell regularly visits the District of Columbia and intends to continue to do so in the future. *Id.*

18. When visiting the District, Ms. Russell would carry a handgun in a concealed carry purse or other device specifically designed for firearm carry but refrains from doing so in light of DCMR § 24-2344.2, fearing loss of her CPL, arrest and prosecution. *Id.*

19. Mr. de Caro is a natural person and a citizen of the States of Georgia and West Virginia. Mr. de Caro is a graduate of the Air Force Academy, a former army ranger and former member of the 20th Special Forces Group. *See* Attachment B, hereto, Declaration of Charles Johm de Caro,,

20. Mr. de Caro was also a special investigative reporter for CNN where among other things he reported on site with the Contras in Nicaragua. *Id.*

21. Mr. de Caro is well acquainted with firearms and is knowledgeable as to firearms safety. *Id.*

22. Mr. de Caro holds an MPD issued CPL and carry permits and licenses from other jurisdictions. *Id.*

23. Mr. de Caro credits the gun in his wife's purse with saving his and her life. *Id.*

24. Mr. de Caro regularly visits the District of Columbia and intends to continue to do so. *Id.*

25. Plaintiff de Caro regularly carries a firearm outside the District in a manner that would violate DCMR § 24-2344.2. *Id.*

26. Mr. de Caro would likewise carry within the District of Columbia but refrains from doing so in light of DCMR § 24-2344.2, fearing loss of his MPD issued CPL, arrest and prosecution. *Id.*

27. Plaintiff Leanne Reilly is a natural person, a citizen of Pennsylvania and formerly a citizen of the District of Columbia. Attachment C, Declaration of Leann Reilly.

28. Ms. Reilly formerly served in the United States Army. *Id.*

29. Ms. Reilly is also a member of the organized militia of the United States, holding the rank of sergeant (E-5) in the Pennsylvania National Guard. *Id.*

30. Ms. Reilly holds an MPD issued CPL as well as carry licenses and permits issued by other jurisdictions. *Id.*

31. Ms. Reilly regularly visits family in the District of Columbia and intends to continue to do so. *Id.*

32. Due to limitations on women's fashion, Ms. Reilly often carries a handgun in a purse or other device specifically designed for off-body carry when not in the District of Columbia. *Id.*

33. Ms. Reilly would carry a handgun in the District of Columbia in a purse or other bag designed for firearm carry, but fears loss of her CPL, arrest and prosecution in light of DCMR § 24-2344.2. *Id.*

34. Ms. Reilly is a new mother having given birth to her first child. *Id.*

35. Ms. Reilly carries her concealed firearm in public to protect herself and her child. *Id.*

36. Ms. Reilly employs off-body carry in a gun purse, sling bag or "tactical diaper bag" to securely carry her concealed handgun when outside the District. *Id.*

37. Ms. Reilly would likewise employ off body carry when in the District of Columbia but fears arrest, prosecution or revocation of her CPL pursuant to DCMR § 24-2344.2. *Id.*

38. Plaintiff Reilly intends a larger family. If and when she become pregnant again she believes carrying a firearm in a holster secured on a belt around her waist will be problematic. *Id.*

39. Ms. Reilly believes DCMR § 24-2344.2 will impede her from protecting herself her family while in the District. *Id.*

40. Plaintiff Eric Christian is a natural person and a citizen of the District. ECF 9-5.

41. Mr. Christian previously held an MPD issued CPL. *Id.*

42. Mr. Christian regularly carried his firearm in accordance with DCMR § 24-2344.2. *Id.*

43. On or about January 16, 2024, Mr. Christian was carrying his firearm in a holster outside his vehicle which was parked. *Id.*

44. Mr. Christian got in his vehicle and temporarily took his holstered gun off for comfort.

45. He started his car and pulled out into traffic. *Id.*

46. Mr. Christian then made a left hand turn and was stopped by MPD officers who asserted he had not signaled his turn. *Id.*

47. Mr. Christian maintains he in fact did activate his turn indicator and that the stop was a pre-textual stop as often happens to Black men in the District like himself. *Id.*

48. In the course of the traffic stop, MPD officers discovered that his firearm was not on his person and took possession of the firearm. *Id.*

49. MPD officers applied for an arrest warrant to the Office of Attorney General for Mr. Christian's alleged violation of DCMR § 24-2344.2. ECF 21-3.

50. MPD subsequently issued Mr. Christian a notice of proposed revocation of his CPL based on the alleged violation of DCMR § 24-2344.2. ECF 9-5

51. During the pendency of the OAH proceeding Mr. Christian's CPL expired. Attachment D, Dismissal of Christian's OAH appeal.

52. Mr. Christian is in the process of reapplying for his CPL. *Id.*

53. Upon approval of his CPL, Mr. Christian would if circumstances warranted, carry his holstered firearm in violation of DCMR § 24-2344.2 if enforcement of the rule were enjoined. ECF 9-5.

54. Plaintiff Beck is a natural person and a citizen of the District. ECF 9-6.

55. Mr. Beck holds an MPD issued CPL. *Id.*

56. On or about January 11, 2024, Plaintiff Beck was driving his personal vehicle in the vicinity of 12th Street and Massachusetts Avenue NW at approximately 12:30 am. *Id.*

57. While Mr. Beck's vehicle was stopped in traffic a female on the sidewalk waved at him and approached his stopped vehicle and a conversation ensued. *Id.*

58. Shortly thereafter, police initiated a traffic stop of Mr. Beck and ordered Mr. Beck out of his car. *Id.*

59. After Mr. Beck cut the engine off on his car, officers physically sought to pull him out of the car. *Id.*

60. Pursuant to D.C. law, Mr. Beck advised the officers that he was carrying a firearm and that his licensed firearm was inside his sling bag that was strapped about his person. *Id.*

61. Mr. Beck was taken to a secondary location where his sling bag was searched and officers verified that his holstered firearm inside the sling bag was registered, and that Mr. Beck possessed a CPL. He was subsequently arrested and charged inter alia with improperly carrying his firearm. *Id.*

62. Mr. Beck was held overnight and released around 4:30 pm with the charges no papered. *Id.*

63. Mr. Beck was subsequently issued a notice of revocation of his CPL alleging he had improperly carried his firearm. *Id.*

64. Mr. Beck appealed the proposed revocation of his CPL to the Office of Administrative Hearings. *Id.*

65. On October 29, 2024, the OAH administrative law judge reversed MPD's proposed revocation of Mr. Beck's CPL via a final order. *See* Timothy Beck v. Metropolitan Police Department, 2024-MPD-00044 (OAH).

66. MPD did not appeal OAH's reversal of its revocation notice to the District's Court of Appeals and the time for filing an appeal has expired. *Id.*

67. Plaintiff Beck would continue to carry his concealed pistol in the District of Columbia using his sling bag which is specifically designed to carry a firearm but fears MPD further efforts to revoke his license, arrest and prosecute him. ECF 9-6.

68. Defendant Pamala Smith is Chief of the Metropolitan Police Department and is responsible for overseeing, implementing, and enforcing DCMR § 24.2344.2 which prohibits off-body carry of a holstered firearm, and regulatory programs, and related policies, practices, and customs designed to propagate the same. *See* https://mpdc.dc.gov/node/1596251.

Respectfully submitted,

**LYNNE ANN BRIGITTE RUSSELL**

**CHARLES JOHN DE CARO**

**LEANNE CHRISTINE REILLY**

**ERIC N. CHRISTIAN, JR.**

**TIMOTHY R. BECK**

By: /s/ George L. Lyon, Jr.
George L. Lyon, Jr. (D.C. Bar No. 388678)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
202-669-0442, fax 202-483-9267
gll@arsenalattorneys.com

Matthew J. Bergstrom (D.C. Bar. No. 989706)
Arsenal Attorneys
4000 Legato Road, Suite 1100
Fairfax, VA 22033
800-819-0608
mjb@arsenalattorneys.com

Dated:   February 20, 2025          *Attorneys for Plaintiffs*


# CERTIFICATE OF SERVICE

I hereby certify that, on this 20th day of February, 2025, a true copy of the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system, which will send by email a notice of docketing activity to all counsel of record.

/s/George L. Lyon, Jr.
George L. Lyon, Jr., DC Bar No. 388678

Attachment A

# DECLARATION UNDER PENALTY OF PERJURY
# OF LYNNE ANNE-BRIGITTE RUSSELL

Lynne Anne-Brigitte Russell under penalty of perjury deposes and states as follows:

1. My name is Lynne Anne-Brigitte Russell. I am making this declaration for submission to the U.S. District Court for the District of Columbia.

2. I am a citizen of the United States of America and the State of Georgia.

3. I am a former Georgia deputy sheriff, a currently licensed private detective, and hold two black belts in martial arts.

4. I am a former news anchor for Cable News Network ("CNN") and a current author of several books. As such, I am often approached by unknown persons who recognize me.

5. I hold an MPD issued Concealed Pistol License as well as carry licenses and permits from other jurisdictions.

6. I am well acquainted with firearms and knowledgeable as to firearm safety dating back to my days as a deputy sheriff.

7. I and my husband Charles John de Caro were on a cross-country trip from Washington, D.C. to California and were spending the night of June 30, 2015, at a Motel6 in Albuquerque, New Mexico.

8. As I was returning to our room from our car an armed man on parole from a previous armed robbery conviction sneaked up from behind me, pushed me through the door and forced his way into our room.

9. My husband, hearing the disturbance, emerged from the bathroom where he was taking a shower and was confronted with the gunman demanding our valuables.

10. During an intense standoff, I handed my husband my purse that contained a handgun and stated there might be something in the purse he could give the man.

11. My husband then withdrew the firearm from the purse and engaged the armed robber.

12. Both men shot their firearms to empty. The robber was shot four times (with three additional rounds entering my husband's laptop computer the robber was holding).

13. My husband was hit three times and survived the incident but still carries shrapnel in his body.

14. The robber threw his empty gun at my husband, ran out into the parking lot, collapsed and died.

15. I believe the gun in my purse saved my life and my husband's life.

16. Due to limitations of women's fashion, I often carry a handgun in a purse or other device such as a sling bag specifically designed for off-body carry.

17. The devices that I use to carry a firearm have a built-in holster designed to protect the trigger of the firearm from being activated.

18. My husband and I regularly visit the District of Columbia and intend to continue to do so in the future.

19. When visiting the District, I would carry a handgun in a concealed carry purse or other device specifically designed for firearm carry but I refrain from doing so in light of DCMR § 24-2344.2, fearing loss of my CPL, arrest and prosecution.

The above statement, given under penalty of perjury, is true and correct to the best of my knowledge, information and belief.

Dated: February 18, 2025

_____
Lynne Anne-Brigitte Russell

Attachment B

# DECLARATION UNDER PENALTY OF PERJURY
# OF CHARLES JOHN DE CARO

Charles John de Caro, under penalty of perjury, deposes and states as follows:

1. My name is Charles John de Caro. I am giving this declaration for submission to the U.S. District Court for the District of Columbia in the case of Russell v. District of Columbia.

2. I am a resident of the State of Georgia and of West Virginia.

3. I hold an MPD issued license to carry a handgun in the District of Columbia and licenses or permits to carry in other jurisdictions.

4. I am an alumnus of the US Air Force Academy, later joining the $20_{th}$ Special Forces Group (Airborne) and attending Ranger school. I hold Army Parachute and Air Assault wings and USAF freefall wings (AM 490

5. I was also CNN's first Special Assignments Correspondent (82-86) where I reported on the Contras in Nicaragua, mercenaries in Suriname and the US liberation of Grenada.

6. I am well acquainted with firearms and knowledgeable as to firearms safety.

7. I regularly visit the District of Columbia and intend to continue to do so. When I am in the District, I carry a handgun except when going to a location where it is forbidden.

8. In June of 2015 my wife, Lynne Russell, and I were traveling across country to a conference where I was presenting. We stopped for the night in Albuquerque, New Mexico at a local motel.

9. While I was in the shower, a convicted felon on parole for armed robbery forced his way into our room at gun point demanding our money and valuables. I came out of the shower seeing an armed desperado threatening my wife.

10. After observing this person's demeanor, I was convinced this person was likely to kill us. My wife handed me her purse that contained a firearm and suggested there was something there that we could give the assailant. I drew the gun from the purse and engaged the assailant. During the resulting exchange of gunfire I was hit three times, but managed to shoot and stop the assailant, who subsequently died. I am convinced that the gun in my wife's purse saved our lives.

11. I am aware that District regulations require firearms to be carried in a holster on the body. This is not the way I always carry a firearm when I am outside the District. I would similarly carry in the District if this off-body carry regulation was overturned or repealed. I refrain from carrying off-body in the District due to fear of arrest, prosecution or revocation of my carry license.

The above statement, given under penalty of perjury, is true and correct to the best of my knowledge and belief.

Dated: February 18, 2025

*Charles J. de Caro*
Charles John de Caro

# DECLARATION UNDER PENALTY OF PERJURY
# OF LEANNE REILLY

Leanne Reilly, under penalty of perjury, deposes and states as follows:

1. My name is Leanne Reilly. I am giving this declaration for submission to the U.S. District Court for the District of Columbia in the case of Russell v. District of Columbia.

2. I am formerly a resident of the District of Columbia, now Pennsylvania, and hold an MPD issued license to carry a handgun in the District of Columbia and in other jurisdictions. I am also a Sergeant in the Pennsylvania Army National Guard and thus a member of the organized militia of the United States. I was trained in firearms and firearm safety in the military and subsequently to obtain my DC pistol carry license.

3. I regularly carry a handgun when outside the home to protect myself and my family. However, I am aware DCMR § 24-2344.2 requires firearms to be carried in a holster on the body. This is not the way I prefer to carry a firearm. It does not comport with the way I normally dress for business or for social occasions. I would prefer to carry my holstered firearm in a purse or bag specifically designed to carry a firearm with the bag slung around my body. This is how I carry outside the District. I understand the District considers this method of firearm carry to be contrary to its regulation, however.

4. My husband and I are new parents. I would employ off body carry as described above when in the District of Columbia to protect myself and my family but fear arrest, prosecution or revocation of my CPL pursuant to DCMR § 24-2344.2. My husband and I intend a larger family. If and when I become pregnant again carrying a firearm in a holster secured on a belt around my waist will be problematic. DCMR § 24-2344.2 would thus impede me from protecting myself and my family while in the District.

5. Were I to carry my handgun off body as the District prohibits, I would fear arrest, prosecution and/or revocation of my firearm carry license. I would carry in the manner I described above in the District if the District's off-body carry regulation was overturned or repealed.

The above statement, given under penalty of perjury, is true and correct to the best of my knowledge and belief.

Dated: February 19, 2025

_____
Leanne Reilly

Attachment D

# OFFICE OF ADMINISTRATIVE HEARINGS

Marion S. Barry Jr. Building
441 Fourth Street, NW, Suite 450 North
Washington, DC 20001-2714
TEL: (202) 442-9094 · FAX: (202) 442-4789 · EMAIL: oah.filing@dc.gov
eFiling: https://ecourt.oah.dc.gov/public-portal

| | |
|---|---|
| ERIC N. CHRISTIAN, JR. | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Case No.: 2024-MPD-00043 |
| | ) |
| METROPOLITAN POLICE DEPARTMENT, | ) |
|     Respondent. | ) |

### NOTICE OF EXPIRATION OF CPL AND MOTION TO DISMISS APPEAL

Petitioner, by counsel, advises the parties hereto that during the pendency of this proceeding his concealed pistol license ("CPL") expired. As such it appears this proceeding is moot. Petitioner will be reapplying for his CPL. Based on discussions with between MPD and counsel, petitioner understands that the incident leading to the revocation notice at issue in this proceeding will not bar him from receiving a newly issued CPL. In light of the above, petitioner moves to dismiss his appeal.

Respectfully submitted,

**ERIC N. CHRISTIAN, JR.**

By: /s/ George L. Lyon, Jr.,
DC Bar. No. 388678

Bergstrom Attorneys
1929 Biltmore Street NW
Washington, DC 20009
202-669-0442
Fax: 202-483-9267
gll@bergstromattorneys.com

February 19, 2025

## CERTIFICATE OF SERVICE

I certify that I have on this 19th day of February, 2025, served the foregoing document on Lt. Michael O'Harran, of MPD, via email at: michael.oharran@dc.gov and firearms.adminbox@dc.gov.

/s/George L. Lyon, Jr.