UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LYNNE ANNE-BRIGITTE RUSSELL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | No. 1:24-cv-01820-JDB |

### DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendants submit the following Statement of Undisputed Material Facts in support of their Motion for Summary Judgment. *See* LCvR 7(h).

1. Many carrying methods are allowed under the holster rule. Defs.' Ex. 12, Decl. of Stephen Amodeo (Amodeo Decl.) ¶¶ 8–13.

2. Licensees can wear holsters at various places on the body, including under the shoulder or on the thigh or ankle. *Id.* ¶ 12.

3. In addition, inside-the-waistband holsters and outside-the-waistband holsters can be worn in different locations, including at the strong side of the waist, in a cross-draw position, at the appendix, and at the small of the back. *Id.* ¶ 12.

4. Myriad models and makes for holsters at each of these locations are available on the market. *Id.*

5. The holster rule does not require that any particular model or make of holster be used. *Id.* ¶ 8.

6. Because holsters can be worn on different locations on the body, there are many holstering options that allow pregnant women to carry, even if they cannot carry using a holster on

a belt around the waist.  Indeed, many holstering options are available on the market for pregnant women.  *Id.* ¶ 13.

7.      Usually, violations of the holster rule are resolved by an agreement for a temporary suspension of the license.  *Id.* ¶ 6.

8.      Usually, violations of the holster rule are not criminally prosecuted.  *Id.*

9.      There is no evidence that Plaintiffs Lynne Russell, Charles de Caro, and Leanne Reilly have never had the holster rule enforced against them or threatened to be enforced against them.

10.     During a traffic stop, officers found a loose, loaded gun under the seat of Plaintiff Eric Christian Jr.'s car.  Defs.' Ex. 1, Eric Christian Incident Rep. (Christian Incident Rep.) at 1–2; Defs.' Ex. 2, Eric Christian Body-Worn-Camera Video; Defs.' Ex. 3, Eric Christian Gun Photo.

11.     Loose carry of guns like this can and does result in negligent discharge or loss of the weapon.  Amodeo Decl. ¶ 16.

12.     The officers did not arrest Christian.  Christian Incident Rep. at 2.

13.     Instead, the officers issued Christian a notice of proposed revocation for allegedly violating the holster rule.  Defs.' Ex. 4, Eric Christian Not. of Proposed Revocation.

14.     Christian appealed to OAH.  Defs.' Ex. 5, Eric Christian Appeal Docs.

15.     During Christian's appeal, his license expired.  Pls.' Statement of Undisputed Material Facts [30-1] ¶ 51; *see* D.C. Code § 7-2509.03(a), (b)(1) (providing that a concealed carry license is valid for two years and requires renewal).

16.     Christian then voluntarily dismissed his appeal, conceding that it was "moot."  Pls.' Attach. D [30-1] at 1.

17.     Christian also stated that he understood that "the incident leading to the revocation notice at issue in this proceeding will not bar him from receiving a newly issued"

2

license. *Id.*

18. While driving in the early morning hours, Plaintiff Timothy Beck stopped to talk with a woman who, unbeknownst to him, was an undercover agent. Defs.' Ex. 6, Timothy Beck *Gerstein* Aff. (Beck *Gerstein* Aff.) at 1.

19. After Beck described the sexual acts he wanted and agreed to a price, MPD officers initiated a vehicle stop. *Id.* at 1–2.

20. Beck was wearing a sling bag across his chest with a handgun inside it along with other items, including a hairbrush. Defs.' Ex. 7, Timothy Body-Worn-Camera Video; Defs.' Ex. 8, Timothy Beck Gun Photo.

21. Loose carry of guns like this can and does result in negligent discharge or loss of the weapon. Amodeo Decl. ¶ 16.

22. Beck was arrested for soliciting prostitution and a concealed-carry license violation. Beck *Gerstein* Aff. at 1–2.

23. There is no evidence that any charges were filed against Beck related to the incident.

24. Instead, MPD issued Beck a notice of proposed revocation for violating 24 DCMR § 2304.9, which is a repealed regulation and not the holster rule at issue here. Defs.' Ex. 9, Timothy Beck Not. of Proposed Revocation.

25. Beck appealed to OAH. Defs.' Ex. 10, Timothy Beck Appeal Docs.

26. OAH agreed with Beck that MPD had cited an incorrect regulation, which MPD did not contest. Defs.' Ex. 11, Timothy Beck Final Order at 3.

27. Accordingly, OAH reversed the notice of proposed revocation and ordered that it "never took effect." *Id.* at 4 (capitalization altered).

28. There is no evidence that any Plaintiff is currently subject to a credible threat

from the District of Columbia government that he or she will be imminently, criminally prosecuted for violating the holster rule.

Date: April 4, 2025.                                        Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
Special Counsel for Firearm Safety
MATEYA B. KELLEY [888219451]
Assistant Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
(202) 735-7474
adam.tuetken@dc.gov

*Counsel for Defendants*