# EXHIBIT 11

**DISTRICT OF COLUMBIA**
**OFFICE OF ADMINISTRATIVE HEARINGS**
Marion S. Barry Jr. Building
441 Fourth Street, NW, Suite 450 North
Washington, DC  20001-2714
TEL: (202) 442-9094 · FAX: (202) 442-4789 · EMAIL: oah.filing@dc.gov
eFiling: https://ecourt.oah.dc.gov/public-portal

| | |
|---|---|
| TIMOTHY R. BECK,<br>　　　Petitioner,<br><br>　　　v.<br><br>METROPOLITAN POLICE DEPARTMENT,<br>　　　Respondent. | Case No.:  2024-MPD-00044 |

# FINAL ORDER[1]

## I.　INTRODUCTION

This matter is an appeal of the Notice of Revocation issued by Respondent Metropolitan Police Department (MPD) on January 11, 2024, to revoke Petitioner Timothy R. Beck's concealed carry pistol license.  On February 27, 2024, Petitioner's appeal was filed by counsel and received in the District of Columbia Office of Administrative Hearings (OAH).

## II.　JURISDICTION

A revocation of a current concealed carry pistol license takes effect unless a licensee appeals no later than 15 days after the notice of intent to revoke.[2]  This statute does not expressly limit the time for an appeal to OAH and, thus, is not jurisdictional but, instead, is a claims processing rule subject to equitable tolling.[3]  To the extent the statute sets a deadline of 15 days, the requirement in the first sentence of paragraph (a)(4) that "the Chief shall serve a notice" must modify the second sentence such that "the date of the notice" must be the date of service, which is not necessarily the date the notice was issued.

---

[1] The hearing and records in this case are confidential and not open to the public.  D.C. Official Code §§ 7-2502.11a, -2509.09(a).

[2] D.C. Code § 7-2509.05(a)(4).

[3] *See generally Off. of the People's Couns. for the D.C. v. D.C. Water & Sewer Auth.*, 313 A.3d 579, 589–90 (D.C. 2024) (distinguishing jurisdictional rules from claims processing rules).

The decision appealed was issued on January 11, 2024, but was not served until February 22, 2024.[4] Petitioner filed the appeal on February 27, 2024, which is within 15 days of the date the decision was served. Therefore, the appeal was timely filed, and jurisdiction in OAH is established.

### III. FINDINGS OF FACT

The only grounds MPD gave in the January 11, 2024 letter for the revocation was that Petitioner failed to carry a concealed pistol in a holster in violation of 24 DCMR 2304.9.

As grounds for the appeal, Petitioner asserted that the January 11, 2024 decision should be reversed as a matter of law because MPD cannot revoke a concealed carry pistol license based on the failure to carry a concealed pistol in a holster under 24 DCMR 2304.9 because that regulation was repealed in 2009.

The Scheduling Order issued in this case on September 25, 2024, deemed Petitioner's assertion a motion for summary adjudication under OAH Rule 2819. The same order required MPD to file a response to Petitioner's motion on or before October 15, 2024. The order also stated, "Failure to file a response as ordered indicates that Respondent agrees with Petitioner's allegations."

To date, MPD has not filed a response, and therefore, MPD concedes Petitioner's assertion. Moreover, 24 DCMR 2304.9 was repealed in 2009.

### IV. CONCLUSIONS OF LAW

This case is governed by District of Columbia Code Title 7, Chapter 25, and Title 22, Chapter 45, as well as the implementing regulations found in DCMR Title 24, Chapter 23. Generally, in the District of Columbia, a private individual cannot carry a pistol unless they have a license issued by MPD.[5] A license expires no more than two years after the date it was issued unless the Chief of MPD revokes or approves an application to renew it.[6]

The Chief of MPD acts with discretionary power when revoking Petitioner's license and "may revoke a concealed carry license on a finding that the licensee failed to comply with one or more requirements or duties imposed upon the licensee by the Act or any regulation authorized by

---

[4] Petitioner's assertion in the request for appeal that the notice was served on February 22, 2024, is not contested in the record. A copy of Petitioner's assertion was served on MPD with a copy of the Scheduling Order, which ordered MPD to file a response to Petitioner's assertions.
[5] D.C. Official Code §§ 7-2502.01(a)(5), -2502.02(a)(4)(C), 7-2509.02, 22-4504(a), and -4506.
[6] D.C. Official Code § 7-2509.03(a) and 22-4206.

the Act."[7]  Petitioner is a licensee subject to the duties and requirements of the Act and its regulations by virtue of the license he held before the revocation.[8]  In this appeal, MPD bears the burden of production of evidence and the burden of persuasion in concealing pistol licensing decisions.[9]

The only grounds MPD gave in the January 11, 2024 letter for the revocation was that Petitioner failed to carry a concealed pistol in a holster in violation of 24 DCMR 2304.9.  In this appeal to affirm, reverse or modify MPD's decision, a violation of 24 DCMR 2304.9 is the only legal basis that MPD can rely on to prove its case. [10]

As explained in the findings of fact above, Petitioner's assertion that the notice must be reversed as a matter of law is a motion for summary adjudication under OAH Rule 2819.  MPD was ordered to respond, and if it did not, MPD would be deemed to have conceded the motion.[11]

To date, MPD has not filed a response, and therefore, MPD is deemed to concede Petitioner's assertion.  Moreover, I independently find that 24 DCMR 2304.9 was repealed in 2009.[12]  Therefore, the January 11, 2024 letter citing the repealed rule must be reversed as a matter of law.  In light of this Final Order, the telephone hearing scheduled for October 30, 2024, in this case is canceled.

As a result, this Final Order summarily reverses MPD's January 11, 2024 revocation of Petitioner's conceal carry license.

---

[7] 24 DCMR 2341.1(2). "The Act" refers to the Firearms Control Regulations Act of 1975, effective September 24, 1976 (D.C. Law 1-85; D.C. Official Code §§ 7-2501.01 et seq. (2012 Repl. & 2013 Supp.)). 24 DCMR 2399.1.
[8] D.C. Official Code § 22-2509.01 (defining "licensee" as a person who has been issued a license pursuant to D.C. Official Code § 22-4506.)
[9] D.C. Official Code § 7-2509.08(d).
[10] No other issue about Petitioner's qualification to maintain the concealed carry license has been raised or preserved in this case by either party. *See generally Black v. D.C. Dep't of Human Servs.*, 188 A.3d 840, 850 51 (D.C. 2018) ("Generally, an administrative agency's decision can be sustained on review only on the grounds on which the agency actually relied.") (internal citation omitted).  The Determination says that Petitioner's license was revoked because they failed to comply with the regulatory requirement that a concealed pistol be carried in a holster approved by the Chief of MPD or his or his designated agent under 24 DCMR 2304.9.  Therefore, this is the only ground that can be appealed and that MPD can rely on to affirm its decision.
[11] Sched. Order at 2, OAH Case No. 2024-MPD-00044 (September 25, 2024) (Costa, ALJ).
[12] 56 D.C. Reg. 911 (repealing 24 DCMR 2303 and 2304).  This repeal was made permanent by MPD through a final rulemaking on June 5, 2009. 56 DCR 4380.  A new rule regarding a holster was adopted in 2015 in 24 DCMR 2344.

Revocation.

### III. ORDER

Based upon the foregoing and the entire record in this matter, it is, hereby,

**ORDERED** that Respondent Metropolitan Police Department's January 11, 2024 "Concealed Carry Pistol License Notice of Revocation" is **REVERSED** and **NEVER TOOK EFFECT** pursuant to D.C. Code § 7-2509.05(a)(4) such that Petitioner Timothy R. Beck's Conceal Carry Pistol License in the District of Columbia remained valid under its original terms, including its original expiration date, without interruption since January 11, 2024; and it is further

**ORDERED** that the Clerk will **REMOVE FROM THE DOCKET** the telephone hearing on October 30, 2024, at 12:00 p.m. in this case; no one should appear on that date in this case; and it is further

**ORDERED** that the appeal and reconsideration rights of any party aggrieved by this Order are stated on the following page.

**This Final Order is dated when it is served as certified on the Certificate of Service found at the end of this document.**

                                          */S/ Christopher Costa*
                                          Christopher Costa [Electronically Signed]
                                          Administrative Law Judge

Case No.: 2024-MPD-00044

# RECONSIDERATION AND APPEAL RIGHTS

**After an administrative law judge has issued a Final Order, a party may ask the judge to change the Final Order and may ask the District of Columbia Court of Appeals to change the Final Order. There are important time limitations described below for doing so.**

## HOW TO REQUEST THE ADMINISTRATIVE LAW JUDGE TO CHANGE THE FINAL ORDER

Under certain limited circumstances and within certain time limits, a party may file a written request with the Office of Administrative Hearings (OAH) asking the administrative law judge to change a final order. OAH Rule 2828 explains the circumstances under which such a request may be made. Rule 2828 and other OAH rules are available at https://oah.dc.gov and at OAH's office. Rule 2828 states that a request to change a final order "shall state whether an appeal [to the District of Columbia Court of Appeals] has been filed. If an appeal has been filed, OAH has no jurisdiction to decide" the request unless the Court of Appeals has remanded the case to OAH for that purpose.

A request to change a final order does not affect the party's obligation to comply with the final order and to pay any fine or penalty. If a request to change a final order is received at OAH **within 10 calendar days** of the date the Final Order was filed (**15 calendar days** if OAH mailed the final order to you), the period for filing an appeal with the District of Columbia Court of Appeals does not begin to run until the Administrative Law Judge rules on the request. **A request for a change in a final order will not be considered if it is received at OAH more than 120 calendar days of the date the Final Order was filed** (**125 calendar days** if OAH mailed the Final Order to you).

## HOW TO APPEAL THE FINAL ORDER TO THE DISTRICT OF COLUMBIA COURT OF APPEALS

Pursuant to D.C. Official Code § 2-1831.16(c)-(e), any party suffering a legal wrong or adversely affected or aggrieved by this Order may seek judicial review by filing a Petition for Review and six copies with the District of Columbia Court of Appeals at the following address:

Clerk<br>
District of Columbia Court of Appeals<br>
430 E Street, NW, Room 115<br>
Washington, DC 20001

The Petition for Review (and required copies) may be mailed or delivered to the Court of Appeals, and must be received there within 30 calendar days of the mailing date of this Order, pursuant to D.C. App. R. 15(a)(2). There is a $100 fee for filing a Petition for Review. Persons who are unable to pay the filing fee may file a motion and affidavit to proceed without the payment of the fee when they file the Petition for Review. Information on petitions for review can be found in Title III of the Court of Appeals' Rules, which are available from the Clerk of the Court of Appeals, or at https://www.dccourts.gov/court-of-appeals.

Case No.: 2024-MPD-00044

## Certificate of Service:

**By First Class Mail (Postage Paid) and Email:**

George L. Lyon, Esq.
Bergstrom Attorneys
1929 Biltmore St., NW
Washington, DC 20009
gll@bergstromattorneys.com
Counsel for Petitioner Timothy R. Beck

**By Email:**

Metropolitan Police Department
Adminbox, Firearms Branch
firearms.adminbox@dc.gov

I hereby certify that on October 29, 2024, a copy of this document was served upon the parties at the addresses listed and by the means stated.

/s/ *A. Sullivan*

_____

Clerk / Deputy Clerk